UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Amadou C. Diabate,

        Plaintiff,

v.

Department of Veterans Affairs, Terry Kleis,
and Rick Moore,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 12-2716 ADM/TNL

___

Amadou C. Diabate, pro se.

Margaret E. Jacot, Esq., Minnesota Attorney General's Office, Minneapolis, MN, on behalf of Defendant Rick Moore.

Lonnie F. Bryan, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Defendants the Department of Veterans Affairs and Terry Kleis.

___

## I. INTRODUCTION

On June 4, 2013, the undersigned United States District Judge heard oral argument on two motions to dismiss, one brought by Defendant Rick Moore [Docket No. 13], and the other brought by Defendants the Department of Veterans Affairs (the "VA") and Terry Kleis [Docket No. 24]. Although Plaintiff Amadou C. Diabate ("Diabate") did not appear at the hearing, he filed three motions to stay the proceedings [Docket Nos. 20, 31, 35]. For the reasons stated herein, both of Defendants' motions are granted, and Diabate's motions are denied.

## II. BACKGROUND

Diabate's wife, a United States Army veteran, died on February 13, 2003.[1] VA's Mem.

___

[1] As discussed below, Diabate's factual allegations are taken as true, and his pleadings as a pro se litigant are liberally interpreted. However, Diabate's pleadings fail to conform to Rule 10 of the Federal Rules of Civil Procedure, and are frequently difficult to decipher. The Court

[Docket No. 25] Ex. 1.  She had served in the Army in the 1960's and had divorced twice before marrying Diabate in 1994.  After her death, on or about March 4, 2004, Diabate applied to the VA for veteran's death benefits as a surviving spouse (sometimes referred to as a "death pension").  Id.  On or about March 22, 2004, the VA wrote Diabate to request several additional pieces of information and verification in connection with his benefits application.  Id. at Ex. 3.  A year later, in a letter dated February 24, 2005, the VA informed Diabate that it was denying his claim because it had not received the requested information.  Id.

On October 5, 2006, Diabate reapplied for his wife's death benefits.  Over the next year, it appears Diabate and the VA exchanged correspondence, with Diabate submitting several statements and other information in support of his application.  Letter, June 13, 2013, at Ex. 6 [Docket No. 34] ("Statement of Case") at 3-4.  It is unclear from Diabate's allegations and the record how the VA processed this second application, but a lengthy delay occurred.

On July 11, 2008, Diabate initiated a civil action against the VA in federal court for failing to award death benefits.  Magistrate Judge Arthur Boylan recommended denying Diabate's motion for leave to proceed in forma pauperis.  Judge Boylan further noted several critical flaws with Diabate's complaint, including a failure to demonstrate why the Veterans' Judicial Review Act ("VJRA" or the "Act") did not bar the action.  As a result, he recommended that unless Diabate filed a satisfactory amended complaint, the action be dismissed without prejudice.  Diabate did not file an amended complaint.  Judge Michael Davis adopted Judge Boylan's recommendation and dismissed the action without prejudice.  See Amadou v. VA Dep't, No. 08-4677, 2009 WL 702200 (D. Minn. Mar. 13, 2009).

---

thus refers also to several VA documents embraced by the pleadings.

Diabate continued his efforts to apply for benefits, including contacting Congressman Keith Ellison. Eventually, on July 16, 2012, the VA granted Diabate's application for death benefits and made the award retroactively effective back to November 1, 2006. The VA notified Diabate of its decision on August 15, 2012. On January 31, 2013, Diabate objected to the award, arguing that he should have received benefits effective February 2003, the month of his wife's death. In response, the VA sent Diabate an appeal election letter. Diabate did not respond to the letter, prompting the VA to proceed with its "traditional appeals process." Statement of Case at 23.

On October 25, 2012—during the same time that he was corresponding with the VA—Diabate filed his Complaint in this action [Docket No. 1]. Diabate alleged the VA awarded him a retroactive benefit of "less than half" of what was properly owed to him and that the VA had discriminated against him on the basis of his race or national origin. As a result, he requested $5,350,000 in damages. Id.

On January 30, 2013, Diabate filed an Amended Complaint [Docket No. 6] in which he added Terry Kleis, a VA employee, and Rick Moore, a Minnesota Department of Veterans Affairs employee, as defendants. Diabate alleges Defendants violated his civil rights under the United States Constitution and endangered his welfare by denying him a full award of benefits. As damages, Diabate requests $500,000 from each Defendant. Id.

On March 6, 2013, Moore moved to dismiss the Amended Complaint. Thereafter, the VA and Kleis were properly served with this action, and on April 8, 2013, these Defendants also moved to dismiss this action. Diabate responded to each motion with a respective motion to stay, in which he restated many of the allegations made in his pleadings and letters filed with the

Court. On June 28, 2013, Diabate also filed a third motion to stay, in which he again argued the merits of his Amended Complaint.

**A.  Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure (the "Rules") states that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted).  In addition, when a plaintiff proceeds pro se, the court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  And although the court may not consider matters outside the pleadings at this stage, "documents necessarily embraced by the complaint are not matters outside the pleading."  Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted).

Rule 12, working in combination with Rule 8, requires the plaintiff's factual allegations to "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**B.  Lack of Jurisdiction**

The VJRA bars the Court from hearing this case.  Under the VJRA, the applicant must first appeal the VA's initial benefits decision to the Board of Veterans' Appeals.  38 U.S.C. § 7105.  The Board's decision in this appeal becomes the final decision of the Secretary of the VA. Id. § 7104.  To appeal the VA's final award, the applicant must then file a notice of appeal with

the Court of Veterans Appeals, which has "exclusive jurisdiction" to review the Board's decisions. Id. § 7252(a). Next, appeals from the Court of Veterans Appeals must be taken directly to the Court of Appeals for the Federal Circuit. Id. § 7292. Numerous courts have confirmed what the VJRA itself states: no courts other than the Court of Veterans Appeals, and then the Federal Circuit Court of Appeals, may review a question of law or fact in connection with a veteran's benefits decision. See, e.g., In re Russell, 155 F.3d 1012 (8th Cir. 1998).[2]

The language of the VJRA itself clearly encompasses constitutional claims, so long as the claims arise in connection with specific benefits decisions. Under the Act, the Secretary of the VA must decide "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). On appeal, the Court of Veterans Appeals "decide[s] all relevant questions of law," including the interpretation of "constitutional . . . provisions." Id. § 7261. And on further appeal, the Federal Circuit has exclusive jurisdiction to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." Id. § 7292.

Given this language, the Eighth Circuit Court of Appeals has interpreted the VJRA to bar constitutional claims alleged in connection with a benefits decision. In Hicks v. Veterans Admin., 961 F.2d 1367 (8th Cir. 1992), the Eighth Circuit held that the district court did not have jurisdiction to hear a case in which a disabled veteran claimed the VA had retaliated against him for the exercise of his First Amendment rights. See also Larrabee v. Derwinski, 968 F.2d 1497, 1500 (2d Cir. 1992) (VJRA precludes judicial review of non-facial constitutional claims);

---

[2] As Russell held, the only exception to the exclusive review process is if the United States waives its sovereign immunity. Russell, 155 F.3d at 1012. No indication of such a waiver exists in this case, and Diabate has not alleged waiver.

Velayo v. V.A. Domiciliary Aftercare Program, 36 F. App'x 403, 404 (10th Cir. 2002) (accord). In Mehrkens v. Blank, 556 F.3d 865, 869-70 (8th Cir. 2009), the Eighth Circuit held that the VJRA also precludes district courts from hearing Bivens actions, because the complex remedial scheme of the Act preempts the field for veterans' benefits. See also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[3] In keeping with these decisions, Judges Boylan and Davis agreed in Diabate's prior action that the VJRA bars district courts from hearing the very claims Diabate now raises for the second time. See Amadou, 2009 WL 702200, at *2.

The Court lacks jurisdiction to hear Diabate's claim. Liberally construed and drawing all inferences in Diabate's favor, the Amended Complaint appears to be alleging Defendants discriminated against Diabate due to his race or national origin in violation of the Fifth Amendment. Diabate is thus alleging a constitutional claim in direct relationship to the VA's award of his benefits. Under the decisions discussed above, this claim must be pursued through the VJRA. As an additional problem, Diabate's minimal allegations are conclusory and fail to state a claim under the pleading standards set by Rules 8 and 12. Even assuming the Court had jurisdiction in this case, it would be forced to dismiss Diabate's claim for want of plausible causes of action.

Diabate's motions to stay are similarly groundless. Apart from failing to state any legitimate basis for staying this action, Defendants have filed documents indicating Diabate is currently pursuing a direct appeal with the Board of Veterans' Appeals, and is scheduled for a

---

[3] Broadly speaking, Bivens established the right of individuals to sue federal agents for damages resulting from unconstitutional conduct. See Mehrkens, 556 F.3d at 869 (citations omitted).

6

hearing in August 2013. Letter, June 13, 2013 [Docket No. 33]. Staying this action pending Diabate's review with the VA would serve no purpose, as Diabate may not return to this Court for further appeals. Because this Court lacks jurisdiction to hear Diabate's constitutional claim, and because he is already pursuing the proper avenue for recourse, the motions to stay will be denied and the Amended Complaint will be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Moore's Motion to Dismiss [Docket No. 13] is **GRANTED**;

2. Defendants the Department of Veteran Affairs and Terry Kleis' Motion to Dismiss [Docket No. 24] is **GRANTED**;

3. Plaintiff's Motions to Stay [Docket Nos. 20, 31, 35] are **DENIED**;

3. The Amended Complaint [Docket No. 6] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:   July 2, 2013